THOMAS P. KELLY III, ESQ. (23832000)
KELLY LAW OFFICES, LLC
3000 ATRIUM WAY, SUITE 291
MOUNT LAUREL, NEW JERSEY 08054
(609) 261-6100 p
(609) 261-6105 f
tom@tpkelly.com
*Attorneys for Thomas P. Kelly Jr., Plaintiff*

| | |
|---|---|
| THOMAS P. KELLY JR., <br><br> Plaintiff, <br><br> vs. <br><br> MIRAMED REVENUE GROUP LLC <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: SPECIAL CIVIL PART <br> GLOUCESTER COUNTY <br><br> Docket No.: <br><br> Civil Action <br><br> **COMPLAINT** |

Plaintiff, **THOMAS P. KELLY JR.** ("PLAINTIFF"), through his attorneys, complains against Defendant, **MIRAMED REVENUE GROUP, LLC**, ("DEFENDANT"), and alleges the following:

### I. NATURE OF THE ACTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. PARTIES

2. Plaintiff is an adult individual who has been domiciled in Gloucester County, New Jersey at all times relevant.

3. Defendant is a debt collection company with a principal place of business located at 360 E. 22nd Street, Lombard, Illinois.



4. Upon information and belief, the defendant has no physical place of business located in New Jersey.

5. At all times relevant to the factual allegations of this Complaint, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

6. Defendant regularly conducts business in the State of New Jersey thus establishing personal jurisdiction.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trusties, sureties, subrogees, representatives, and insurers.

### III. FACTUAL ALLEGATIONS

8. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff related to an alleged debt to Penn Valley Anes Assoc.

9. Upon information and belief, the consumer debt at issue relates to services that were for personal use.

10. In the attempt to collect an alleged debt, Defendant wrote a collection letter to the decedent dated February 10, 2019 which plaintiff received and read at his home. (see "Exhibit A").

11. In response, plaintiff's counsel wrote to the defendant on November 13, 2019 and demanded, pursuant to 15 U.S.C. 1692 et seq., that the defendant: (1) cease all further communication with the plaintiff; (2) provided verification of the purported debt; and (3) provide the name and address of the original creditor, if different from the current creditor. (see "Exhibit B").

12. The defendant responded to the November 13, 2019 letter from plaintiff's counsel in writing on or about March 11, 2020. [Exhibit "C"]

13. All of the correspondence from the defendant debt collector was sent using enveloped on which the complete defendant name "Miramed Revenue Group, LLC" was plainly and prominently visible to third parties.

14. The FDCPA prohibits the printing of information on the outside of communication from the debt collector to the debtor that might disclose the nature of the communication to outside parties. 15 U.S.C. §1692f(8).

15. The correspondence mailed to the plaintiff by the defendant violated the federal Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq.

16. Specifically, the FDCPA prohibits debt collectors from using their business name on envelopes containing debt collection correspondence where the name indicates that the company is in the debt collection business.

17. Here, the defendant violated 15 U.S.C. § 1692(f)(8) because the debt collection communications mailed to both the plaintiff and his attorneys had the name "Miramed Revenue Group" plainly and prominently displayed on the front of the envelopes.

18. The words "Revenue Group" in the defendant's business name are highly suggestive, especially to the least sophisticated consumer, that some credit-related transaction is involved, and that the sender is involved in the debt collection business.

19. The defendant's full business name is not a mere departmental designation and is not benign or innocuous because it plainly suggests that the company engages itself primarily in the collection of amounts due. This is the very type of abusive collection practice that the FDCPA was intended to reach.

20. Plaintiff acknowledges that the term "Revenue Department" in a defendant's return address was allowed in *Johnson v. NCB Collection Services*, 799 F.Supp. 1298, 1304-05, but in



that case the Court specifically noted that the defendant was not using the term as a trade or business name as the defendant is doing here.

21. The facts here are similar to those in *Keasy v. Judgment Enforcement Law Firm, PLLC*, 2014 U.S. Dist. LEXIS 59805 *9 (W. Mich.) where the Court granted judgment in favor of the consumer because the defendant's name indicated that it was in the debt collection business and the use of that name on envelopes violated the FDCPA.

### IV. CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA

16. Plaintiff repeats, realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

17. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

18. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19. The alleged Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

20. The February 10, 2019 and March 11, 2020 debt collection correspondence from the defendant are each a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Defendant violated the FDCPA. Defendants' violations include but are not limited to 15 U.S.C. § 1692f(8), as fully explained *supra*.

22. As a result of the above violation of the FDCPA, the Defendant is strictly liable to the Plaintiff for statutory damages, costs and attorney's fees.

### V. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter judgment against Defendant, First Service Residential for the following:

    a. An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

c. For such other and further relief as the Court may deem just and proper.

KELLY LAW OFFICES, LLC<br>
<em>Attorneys for Plaintiff Thomas P. Kelly Jr.</em><br>
By: _____<br>
Thomas P. Kelly III, Esq.

Dated: April 13, 2020

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned attorney for Plaintiff hereby certifies that, to the best of my knowledge, information and belief, the within action is not presently the subject of any other action pending in any court or of a pending arbitration proceeding to date.

_____
Thomas P. Kelly

Dated: April 13, 2020

## VI. CERTIFICATION PURSUANT TO RULE 1:38-7

Pursuant to Rule 1:38-7, the undersigned attorney for Plaintiff hereby certifies that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

_____
Thomas P. Kelly

Dated: April 13, 2020



| Collection Agency: | PO Box 1411 Carol Stream IL 60132-1411 | DEBT COLLECTION NOTICE |
|---|---|---|
| **MiraMed Revenue Group** | | RE: PENN VALLEY ANES ASSOC. |

STATEMENT DATE: February 10, 2020
ACCT#: REDACTED
AMOUNT DUE: REDACTED
REFERENCE#:

BBB A+ Rating

THOMAS P KELLY
38 Heirloom Dr
Clarksboro NJ 08020-1016

## CONTACT US

| Make payment online at: www.mmrgpayment.com | ****PLEASE CALL**** Toll Free: 877-523-1278 Fax: (630) 424-4002 | Mail All Written Notices, Including Bankruptcy and Dispute Notices, To: MiraMed Revenue Group 360 E. 22nd St., Lombard IL 60148-4924 Please DO NOT Mail Payments to this Address |
|---|---|---|

This firm represents the creditor named above. Your account has been referred to this office for collection because the amount shown above is past due.

We request payment in full. If you cannot pay the amount due, but wish to make payments on this overdue debt, please contact this office with your proposal and we will discuss payment terms.

You can mail payments to us at the address listed above. We will also accept payment by credit card or check-by-phone at the phone numbers listed above, or you can pay online at www.mmrgpayment.com.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if one exists, and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Thank you,

MiraMed Revenue Group, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**PLEASE INCLUDE YOUR REFERENCE NUMBER ON YOUR CHECK.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described above on the front of this letter.

---

Mail All Written Notices, Including Bankruptcy and Dispute Notices, To: MiraMed Revenue Group 360 E 22nd St., Lombard, IL 60148
Please DO NOT Mail Payments to this Address
PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION
Retain top portion for your records          62-HWPAPC10-M-ABC1
*** Please detach the lower portion and return with your payment ***

Y250BE9CB3

MiraMed Revenue Group, LLC
PO Box 536
Linden MI 48451-0536

**DO NOT MAIL CORRESPONDENCE OR PAYMENTS TO THIS ADDRESS**

### ACCOUNT DETAILS

Letter Date: 02/10/20
Reference#: REDACTED
Account#:
Creditor: PENN VALLEY ANES ASSOC.
Amount Due: $817.40
Date of Service: 09-16-19
Patient: KELLY THOMAS P

### MAKE CHECKS PAYABLE AND MAIL TO

THOMAS P KELLY
38 Heirloom Dr
Clarksboro NJ 08020-1016



MiraMed Revenue Group
PO Box 1411
Carol Stream IL 60132-1411



# MiraMed
## Revenue Group

360 E. 22nd Street, Lombard, Illinois 60148-4924
T 630-424-4000 | F 630-424-4002 | W www.miramedrg.com

THOMAS P KELLY  03-11-20
C/O KELLY LAW OFFICES
3000 ATRIUM WAY
STE 291
MT LAUREL NJ 08054

We are hereby acknowledging your request for verification of the debt and/or request for verification of the name and address of the original creditor.

We are suspending our collection activity pending our reply to you.

Please feel free to contact us during this period if you have any questions or wish to advise us of any information.

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Thank You,

MiraMed Revenue Group

Reference #: **REDACTED**
Account #: 1:
Creditor: PENN VALLEY ANES ASSOC.
Debtor: THOMAS P KELLY
    KELLY,THOMAS P

**REDACTED**

Healthcare's New Bottom Line



GLODC00197320
Gloucester Civil Div.
1 North Broad St.
Woodbury, NJ 08096

**USPS CERTIFIED MAIL™**



9214 8902 5261 7700 0000 3443 14

00236 07
MIRAMED REVENUE GROU P, LLC
360 E. 22ND STREET
LOMBARD, IL 60148-4924





THOMAS P. KELLY III, ESQ. (23832000)
KELLY LAW OFFICES, LLC
3000 ATRIUM WAY, SUITE 291
MOUNT LAUREL, NEW JERSEY 08054
(609) 261-6100 p
(609) 261-6105 f
tom@tpkelly.com
*Attorneys for Thomas P. Kelly Jr., Plaintiff*

| | |
|---|---|
| THOMAS P. KELLY JR., <br><br> Plaintiff, <br><br> vs. <br><br> MIRAMED REVENUE GROUP LLC <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: SPECIAL CIVIL PART <br> GLOUCESTER COUNTY <br><br> Docket No.: <br><br> Civil Action <br><br> **COMPLAINT** |

I, Thomas P. Kelly, being of full age, hereby attest to the following

1. I am counsel for the plaintiff in the above-referenced matter.

2. Despite diligent effort and inquiry, personal service upon the defendant cannot be made in accordance with R. 4:4-4(a) because the defendant resides outside this jurisdiction.

3. Therefore, I respectfully request that the Court permit constructive service upon the defendant(s), pursuant to R. 4:4-4(b), by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to the defendants named herein.

These statements are true to the best of my knowledge and belief. I am aware that knowingly false statements may be punishable by law.

Dated: April 13, 2020         By: _____
                                   THOMAS P. KELLY III



|  | Court's Address and Phone Number:<br>GLOUCESTER Special Civil Part<br>1 NORTH BROAD STREET<br>WOODBURY, NJ 08096-0000<br><br>856-853-3392 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br>**GLOUCESTER** County<br>Docket No: **GLO-DC-001973-20**<br><br>Civil Action<br>**TORT-OTHER** |
|---|---|---|
| | **YOU ARE BEING SUED!** | |
| | **Person or Business Suing You (*Plaintiff*)**<br>Thomas P. Kelly Jr. | **Person or Business Being Sued (*Defendant*)**<br>Miramed Revenue Group, LLC |
| | **Plaintiff's Attorney Information**<br>THOMAS P KELLY<br>KELLY LAW OFFICES, LLC<br>STE 291 3000 ATRIUM WAY<br>MT LAUREL, NJ 08054-0000<br>609-261-6100 | **The Person or Business Suing You Claims You Owe the Following:**<br>Demand Amount $1000.00<br>Filing Fee $75.00<br>Service Fee $7.00<br>Attorney's Fees $3500.00<br>**TOTAL** **$4582.00** |

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 05/25/2020, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey.* Include **GLO-DC-001973-20** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **05/25/2020**.

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **05/25/2020**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 856-848-5360. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 856-848-4589. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith
Clerk of the Superior Court

